IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Roddrekius Grimmage, | ) Civil Action No.:2:12-482-JFA-BHH |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Warden Anthony Padula, | ) |
| Respondent. | ) |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 17; see also Dkt. No. 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on February 15, 2012. (See Dkt. No. 1.) On June 11, 2012, Respondent moved for summary judgment. (Dkt. No. 17; see also Dkt. No. 16.) By order filed June 13, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 18.) Petitioner filed his Response in Opposition on or about August 15, 2012. (Dkt. No. 22.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution. In January of 2006, the Horry County Grand Jury indicted Petitioner for kidnapping, armed robbery, and burglary in the first degree. (R. at 329-34.) Petitioner was represented by William Chrisco, Esquire. A jury trial was held on February 15-16 of 2006, before the Honorable Edward B. Cottingham. (R. at 1-267.) On February 16, 2006, the jury convicted Petitioner of all three

offenses. (R. at 256.) Judge Cunningham sentenced Petitioner to thirty years, concurrent, on each charge. (R. at 264.)

Petitioner appealed and was represented on appeal by Joseph L. Savitz, III, Esquire, Chief Attorney of the South Carolina Commission on Indigent Defense. (See Dkt. No. 16-3.) In his Final Brief of Appellant, Petitioner raised the following issue: "The trial judge erred by refusing to direct a verdict acquitting Grimmage of burglary." (Dkt. No. 16-3 at 4 of 9.)

In an unpublished opinion filed September 5, 2008, the South Carolina Court of Appeals affirmed Petitioner's conviction. (Dkt. No. 16-5.) The remittitur was issued on September 23, 2008. (Dkt. No. 16-6.)

On January 23, 2009, Petitioner filed an application for Post-Conviction Relief ("PCR"). (R. at 268-78.) Petitioner raised numerous ineffective assistance of counsel claims therein as follows (verbatim):

> 1. Counsel did not place any required objections to the trial record so that the applicant issues of the trial could receive an appellate review as it is the applicant statutory right to an accurate and adequate review of issues of his trial.
>
> 2. Counsel failed to object to the ex parte communications that happen with the trial judge and the solicitor in chambers.
>
> 3. Counsel failed to object to the judge continuously interruptions during the time that counsel was compelled to explain law mandates in the defense of the applicant issues at trial.
>
> 4. Counsel failed to place effective motion for mistrial on the record due to the nature of how counsel crossed Ms. Spellman on cross examin.
>
> 5. No pretrial motions made to have picture evidence examined by the trial court where as the applicant was prejudiced by the jury by they seeing Defendant dressed in the jailhouse uniform on the pictures submitted for ID purposes by the State.
>
> 6. Counsel failed to do investigation, researches, and examination of State's witnesses affidavits, nor did counsel investigated the issue with the solicitor and the improper communications and contacts done by the solicitor and the sheriff office officials.

2

> 7. Counsel failed to appeal the adverse rulings rendered by the trial judge to prevent the Defendant from presenting evidence favorable to him during trial.
>
> 8. Counsel failed to request a mistrial when the statements was made in the presence of the jury by the victim that the applicant committed a crime and or done something wrong as the solicitor had fashioned the victim's questions to cause the jury to be convince by her testimony.
>
> 9. Counsel failed to object to the suggestive questions asked by the solicitor to the state's chief witness and victim as they gave testimony against the Defendant on direct as counsel did not examine the affidavits prior to trial.
>
> 10. Counsel didn't place any objection to the record against the solicitor bolstering for the witnesses as these witnesses testified against the applicant during trial counsel did not placed issue to the record to be evaluated by the trial court.
>
> 11. Counsel did not object to the improper remarks made to the jury during solicitor's closing, the solicitor stated to the jury that the applicant had enforced the victim to the bathroom and made her stay there by gunpoint, and this caused the applicant to be further prejudice at bar, no evidence was propped to give the jury an evidentiary fact from.
>
> 12. Counsel failed to file post trial motions to place the solicitor violative actions to the trial record whereas the solicitor has filed excessive charges against the applicant abusing his authority of the public office he is selected to run and uphold by the Constitution of the US and the State of SC the solicitor is found to violating the mandates in U.S. v. Burger. . . .

(R. at 270-71.)

An evidentiary hearing was held in this PCR action on July 27, 2009, before the Honorable Larry B. Hyman, Jr. (R. at 283-321.) Petitioner was present and represented by Paul Archer, Esquire. In an order dated August 13, 2009, Judge Hyman denied the application for post-conviction relief and dismissed the petition. (R. at 322-28.)

On February 8, 2010, Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari on behalf of Petitioner. (Dkt. No. 16-10.) In the Johnson petition, Ms. Carter raised the following issue: "Trial counsel erred in failing to consult sufficiently with petitioner prior to trial." (Dkt. No. 16-10 at 3 of 9.) Ms. Carter also filed a petition to be relieved as counsel. (Dkt. No. 16-10 at 8 of 9.) In

accordance with the Johnson procedure, Petitioner filed a *pro se* brief. (See Dkt. No. 16-13.) With no elaboration, Petitioner asserted as follows:

> 1. Counsel Chrisco failed to place objections to the trial records.
>
> 2. Counsel Chrisco failed to object to ex parte communications.
>
> 3. Counsel Chrisco failed to place a motion for mistrial.
>
> 4. Trial counsel failed to place objections to being interrupted numerous[]times during crucial stages of trial.
>
> 5. Counsel Chrisco failed to file[] pretrial and post-trial motions to having evidence issues evaluated.
>
> 6. Counsel Chrisco failed to investigate any matters stated.
>
> 7. Counsel failed to appeal adverse rulings rendered by trial court.

(Dkt. No. 16-13 at 7-8 of 9.) For issues eight through ten, Petitioner referred back to issues three through five. (Id. at 8 of 9.)

The Supreme Court of South Carolina entered an order denying the Petition on April 6, 2011. (Dkt. No. 16-14.) The matter was remitted to the lower court on April 25, 2011. (Dkt. No. 16-15.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: Whether trial court abused discretion in failing to grant directed verdict motion.
> **Supporting Facts**: Petitioner contends that trial court abused discretion when it failed to grant directed verdict motion. Evidence at trial clearly shows that state failed to meet its burden of proof in regards to elements of crime. Since it is evidence showing Petitioner had consent the charge must fail as well as other charges.
>
> **Ground Two:** Trial counsel failed to make timely objections.
> **Supporting Facts**: Petitioner contends trial counsel failed to make timely objections to ex parte communications of solicitor/judge as well as comments made during closing arguments. Counsel also failed to object to the leading questions by prosecutor or the bolstering of state's case.

> **Ground Three**: Trial counsel ineffective for failing to consult with client.
> **Supporting Facts**: Petitioner testified that he only saw counsel twice. For 30 mins each time during detention at county jail which clearly was not enough time and counsel actions at trial show that such failure to consult was a denial of counsel at critical stage.
>
> **Ground Four**: Counsel failed to object to the excessive charges by solicitor.
> **Supporting Facts**: Prosecutor filed excessive charges from one incident when the case was at one location trial was based on three incidents or crimes from one victim and if this is case then sentence is excessive.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent contends he is entitled to summary judgment in the instant case for several reasons. First, Respondent contends the § 2254 petition is barred by the statute of limitations. (Dkt. No. 16 at 14.) In addition, Respondent asserts that Ground One and Ground Four are procedurally barred. (Id. at 17-20.) Finally, Respondent argues that

5

Petitioner's claims fail on the merits. (Id. at 20-33.) The undersigned recommends granting Respondent's Motion for Summary Judgment on the grounds that the habeas petition is barred by the statute of limitations.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends Petitioner's conviction became final on September 23, 2008. (See Dkt. No. 16 at 14.) Petitioner filed his application for post-conviction relief on January 23, 2009. (R. at 268-78.) According to Respondent, 122 days of non-tolled time passed between the time Petitioner's conviction became final and the time he filed his PCR application. (Dkt. No. 16 at 15.) The remittitur in the PCR appeal was issued on April 25, 2011. (Dkt. No. 16-5.) Respondent asserts the statute of limitations began running again on April 26, 2011, and that Petitioner had until December 27, 2011, to timely file the instant habeas petition. (Dkt. No. 16 at 15.) Because the instant habeas petition was filed on February 15, 2012, Respondent contends all of the claims are barred by time. (Id.)

Respondent is correct, and the undersigned therefore recommends granting summary judgment to Respondent because Petitioner's claims are time-barred. One hundred and twenty-two days of non-tolled time passed between the time Petitioner's conviction became final and the time he filed his PCR application.[1] Accordingly, Petitioner

---

[1] The Supreme Court of South Carolina is the highest court in South Carolina. To pursue review with South Carolina's highest court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. See Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Rule 221(a), SCACR requires that "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court." Because one cannot obtain certiorari review from the Supreme Court of South Carolina without first filing a petition for rehearing or reinstatement, the "time to seek further review" expired after the 15 days if the litigant did not petition for rehearing by the Court of Appeals.

As noted above, the South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished opinion filed on September 5, 2008. (Dkt. No. 16-5.) September 5, 2008, plus fifteen days was Saturday, September 20, 2008. Petitioner thus had until Monday, September 22, 2008, within which to file a petition for rehearing. See Rule 263, SCACR. Because Petitioner did not do so, the conviction became final the following day, on September 23, 2008. See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012) (Where a petitioner does not seek direct review all the way to the Supreme Court of the United States, the conviction becomes final "when the time for pursuing direct review in this Court, or in

7

had 243 days of the one year statute of limitations remaining. Because Petitioner's PCR application was properly filed, the time between its filing and the time the remittitur was issued is tolled pursuant to 28 U.S.C. § 2244(d)(2). The statute of limitations began running again on April 26, 2011; adding 243 days to this date means that, in order to be timely, Petitioner's habeas petition had to be filed on or before December 27, 2011. Petitioner did not file the instant § 2254 petition until February 15, 2012, fifty days after the statute of limitations had run.

The undersigned further recommends concluding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562-63 (2010) (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418. Although Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, he did not address Respondent's statute of limitations argument. (See Dkt. No. 22.) Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. In short, there is no reason to conclude that Petitioner is entitled to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his

---

state court, expires. We thus agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."); see also Robinson v. Warden, No. 5:11–1478–CMC–KDW, 2012 WL 3024745, at *6 (June 28, 2012), adopted at 2012 WL 3025840 (Jul. 23, 2012) (where petitioner did not file a petition for rehearing with the South Carolina Court of Appeals, his conviction became final when the fifteen days for doing so expired).

case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."). Because Petitioner's claims are time-barred, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 17) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[2]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 22, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[2] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
   (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).